IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| NED JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 11 C 4418 |
| v. ) | |
| ) | Judge Sara Ellis |
| CITY OF CHICAGO, a Municipal Corporation; ) | |
| Chicago Police Officers LISA BUCKHALTER, ) | |
| DANIEL. RANDALL, Chicago Police Detectives ) | |
| Chicago Police Department Detectives EMMETT ) | |
| WELCH and MICHAEL ZUBER and UNIDENTIFIED ) | |
| CHICAGO POLICE OFFICERS. ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, NED JAMES ("PLAINTIFF" or "JAMES") by and through his attorney, Debra A. Harvey of DeAno & Scarry, LLC., and complaining of Defendants CITY of CHICAGO, Chicago Police Officers LISA BUCKHALTER and DANIEL RANDALL, and Chicago Police Department Detectives EMMETT WELCH and MICHAEL ZUBER and UNIDENTIFIED CHICAGO POLICE OFFICERS, states as follows:

1

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress the Defendants' tortuous conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under to 28 U.S.C. § 1391(b), in that at the time of the event giving rise to his claims, Plaintiff resided in this judicial district; all Defendant's reside in this judicial district; and the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff JAMES is a resident of the State of Illinois and of the United States.

5. The Defendant officers and detectives are past or current Chicago police officers or detectives employed by the City of Chicago. At all times relevant to the events described in this Amended Complaint, they were acting under color of law and within the scope of their employment with the Chicago Police Department.

6. Defendants Unidentified Chicago Police Officers are unknown employees of the City of Chicago and/or the Chicago Police Department who have not yet been identified by Plaintiff. At all times relevant to the events described in this Complaint, these Unidentified Police Officers were acting under color of law and within the scope of their employment with the Chicago Police Department.

7. Defendant City of Chicago is an Illinois municipal corporation that is or was the employer of the Defendant Officers and Detectives and Defendants Unidentified Chicago Police Officers. The City of Chicago is liable for all torts committed by the defendant officers and detectives and Unidentified Chicago Police Detectives and Unidentified Chicago Police Officer Defendants while employed by the City of Chicago. Defendant City of Chicago is additionally responsible for the policies and practices of the Chicago Police Department.

## FACTS

8. On January 17, 2011, JAMES was arrested by defendant officers BUCKHALTER AND RANDALL in the early morning hours at 5763 South Wentworth Avenue in Chicago.

9. After JAMES was placed in handcuffs, he was kicked and struck in the head and the rest of his body by the Defendant police officers BUCKHALTER and RANDALL.

10. City of Chicago Fire Department paramedics transported JAMES from the scene at 5763 South Wentworth Avenue, Chicago, Illinois to St. Bernard Hospital at approximately 5:07 a.m. on January 17, 2011.

11. The Chicago Fire Department paramedic run sheet for this call states that JAMES had "lacerations above both eye lids" and ""per police officer on scene this patient was under arrest and resisting arrest which led to an altercation with the police."

12. JAMES did not resist arrest.

13. None of the police reports regarding this incident document that JAMES resisted arrest.

14. Defendant Officer Randall testified at his Independent Police Review Authority interrogation (IPRA) that JAMES did not resist arrest and was "[j]ust placed in handcuffs. He cowered, he came sheepishly out of the bedroom."

15. Defendant Buckhalter testified at her IPRA interrogation that after Plaintiff was handcuffed she observed one of the victims whose name she could not recall punch JAMES in the face and JAMES' face went into the wall

16. The police reports do not mention or document that JAMES was punched by anyone.

17. The St. Bernard Hospital medical records document that JAMES was treated at the emergency room at St. Bernard Hospital for bilateral eyelid lacerations with bleeding, blunt head trauma, multiple contusions, bruising on the upper back area, and blunt abdominal trauma.

18. St. Bernard hospital records that an RN was "asked to take photos of face lacerations and any other visible injury."

19. Photographs taken at St. Bernard hospital show that JAMES had serious facial injuries and swelling.

20. JAMES was released from St. Bernard hospital and taken to the police station at 51st and Wentworth.

21. At the station, JAMES was repeatedly physically struck by Defendant Chicago Police Detectives EMMETT WELCH and MICHAEL ZUBER who used expletives while striking him.

22. At approximately 5:00 p.m. on January 17, 2011, JAMES received treatment for injuries at the emergency room at Provident Hospital and was released back

to police custody.

23. JAMES informed Defendant officers, the Chicago fire department paramedics, and the St. Bernard Hospital personnel that he had a history of bipolar disorder and was suicidal.

24. JAMES sustained his injuries from being hit and kicked by Police Officers Buckhalter and Randall and Detectives Welch and Zuber.

25. Defendant officers and detectives also deliberately failed to document how JAMES injuries occurred and covered up their actions.

26. The Defendants' misconduct was undertaken pursuant to the policy and practice of the Chicago Police Department and the City of Chicago to ignore or discredit complaints of police misconduct and to justify acts of police misconduct.

27. These widespread practices, so well-settled as to constitute *de facto* policy in the Chicago Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

28. JAMES filed his *pro se* complaint in this case on June 29, 2011. On November 28, 2011, the case was stayed pending disposition of criminal proceedings and it is currently on appeal. [Dkt. No. 22] JAMES was sentenced in the criminal case on September 2, 2014. On July 9, 2014, the stay was extended through 12/2/2014. [Dkt. No. 57] On 12/2/2014, the stay was extended through 3/31/2015. [Dkt. No. 62]. On 3/30/2015, the stay was extended through 7/30/15. [Dkt. No. 64]. On 8/13/2015, the stay was extended through 2/11/2015. [Dkt. No. 69]. On 3/29, the stay was extended through 5/4/16. [Dkt. No. 71]. On 5/11/16, the stay was extended to 5/18/16. [Dkt. No. 77]. On

5/18/2017, the stay was extended through 2/15/2017. [Dkt. No. 79]. Current counsel was appointed on 1/12/2017. [Dkt. 98].

29. On April 17, 2012, plaintiff filed another *pro se* complaint (12 C 02819) which involved the same incident as this case and which named numerous additional defendants including the City of Chicago. On 6/21/2012, Judge Darrah dismissed the case "without prejudice to plaintiff seeking leave to file an amended complaint in case number 11 C 4418 or 12 C 2820" and terminated the case. [12 C 02819, Dkt. No. 5].

30. As set forth in the preceding paragraphs, this case was stayed through 2/15/17, and JAMES was not able to name additional defendants before January 17, 2013, which was two years after the date of the incident giving rise to this lawsuit. Accordingly, the statute of limitations to name additional defendant is equitably tolled.

31. As a direct and proximate result of Defendants' actions, JAMES suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

32. As a direct and proximate result of Defendants actions, JAMES was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Illinois.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. & 1983 and the Fourth Amendment to the U.S. Constitution

33. JAMES re-alleges paragraphs 1 – 32 as though fully set forth herein.

34. The actions and/or the failure to intervene in the actions of the Defendants amounted to an excessive use of force against JAMES.

35. JAMES' injuries were proximately caused by the Defendant City of Chicago's

policy, practice, and custom of failing to train, supervise, discipline and control its police officers. Defendants' misconduct was undertaken pursuant to the policy, practice, and custom of the Chicago Police Department in that as a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.. As a matter of both policy and practice, the City facilitates the type of misconduct at issue here by failing to adequately investigate and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

.	36.	This conduct violated the Fourth Amendment of the United States Constitution.

37.	The aforementioned actions of the DEFENDANTS were the direct and proximate cause of the injuries suffered by the JAMES, set forth above.

WHEREFORE Plaintiff Ned James respectfully requests that this Court enter judgment in his favor and against Defendants City of Chicago, Lisa Buckhalter, Daniel Russell, Emmet Welch, and Michael Zuber, awarding compensatory damages and attorneys' fees, along with punitive damages against Officers Buckhalter and Russell and Detectives Welch and Zuber in their individual capacities, as well as any other relief this Court deems just and appropriate.

## COUNT II

### 745 ILCS10/9-102 Claim Against the CITY OF CHICAGO

37. JAMES re-alleges paragraphs 1– 32 as though fully set forth herein.

38. Defendant City of Chicago is or was the employer of the Defendant Officers and Detectives at the time of the events pled in this amended complaint.

39. The Defendant Officers and Detectives, as alleged above, committed the acts under color of law and in the scope of employment of the Defendant City of Chicago.

WHEREFORE, should the Defendant Officers and Detectives be found liable for any of the alleged counts in this cause, JAMES demands that, pursuant to 745 ILCS 10/9 102, the City of Chicago pay JAMES any judgment obtained against the Defendant Officers and Detectives as a result of this Amended Complaint.

### JURY DEMAND

PLAINTIFF demands trial by jury.

s/Debra A. Harvey
Attorney for Plaintiff Ned James

Debra A. Harvey
DeAno & Scarry, LLC
53 West Jackson Blvd. Suite 740
Chicago, IL 60604
(630) 690-2800
dharvey@deanoscarry.com

**CERTIFICATE OF SERVICE**

I, Debra Harvey, certify that I caused the attached AMENDED COMPLAINT to be served upon counsel of record via CM_ECF Filing Pursuant toGeneral Order on Electronic Filing Section XI(C) on this 22nd day of June, 2017.

S://<u>Debra A. Harvey</u>