# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NED JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 4418 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, LISA BUCKHALTER, | ) | |
| DANIEL RANDALL, EMMETT WELCH, | ) | |
| MICHAEL ZUBER, and UNIDENTIFIED | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

After receiving multiple beatings at the hands of various Chicago police officers and

detectives in January 2011, Plaintiff Ned James filed the present civil action alleging violations

of his civil rights pursuant to 42 U.S.C. § 1983 against Defendants Lisa Buckhalter, Daniel

Randall, and a number of unnamed Chicago police officers. Shortly after filing, the Court stayed

his case pending the resolution of a related criminal case. Over five years later, the Court lifted

the stay and James amended his complaint to add the City of Chicago (the "City") and Detectives

Emmett Welch and Michael Zuber (collectively, the "Detectives") as defendants. The City and

the Detectives now move to dismiss [120, 121] the amended complaint arguing that the

applicable two-year statute of limitations bars James' claims against them and that James has

failed to adequately state a claim against the City under *Monell v. Department of Social Services*

*of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Because James'

failure to initially include the City and the Detectives in his original complaint was due to a

mistake recognized under Federal Rule of Civil Procedure 15(c)(1)(C), his amended complaint

relates back to the date of his original complaint and the statute of limitations does not bar it, and

the Court denies both motions to dismiss on this basis.  However, James concedes that he has not adequately pleaded his *Monell* claim against the City, so the Court grants the City's motion to dismiss on this basis and grants James leave to amend his complaint to address the deficiencies.

## BACKGROUND[1]

 On January 17, 2011, Chicago police officers arrested James.  After placing James in handcuffs, Officers Buckhalter and Randall kicked him and struck him in the head, causing injuries, including lacerations above both eyes that required treatment at the hospital.  After James was treated and released from the hospital, officers took him to the police station.  Once at the police station, James was beaten again, this time by Chicago Police Detectives Welch and Zuber.  James again went to the hospital following this second beating where he received treatment and was released back to police custody.

On June 29, 2011, James filed his initial *pro se* complaint in this case.  In that complaint he named Buckhalter and Randall but not the City or the Detectives.  James attempted to amend the complaint on October 25, 2011 to add additional defendants, including the Detectives, but Judge Aspen[2] denied the motion because it did not comply with the requirements for amending a complaint.  On November 28, 2011, Judge Aspen stayed the case pending the resolution of the related criminal proceedings against James.  The stay was extended numerous times over the subsequent years, and the Court finally lifted the stay on February 15, 2017.  On January 12, 2017, the Court granted James' motion for attorney representation.  James, now with the assistance of counsel, filed his amended complaint in this case on June 22, 2017.  Additionally,

---

[1] The facts in the background section are taken from James' amended complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

[2] This case was originally assigned to Judge Aspen.  It was reassigned to Judge Durkin on January 1, 2013, Doc. 34, and finally reassigned to this Court on October 23, 2013, Doc. 49.

on April 12, 2012, while this case was stayed, James attempted to file a related case against the City and several Chicago police officers, not including the Detectives. *James v. City of Chicago*, No. 12 C 2819, Doc. 1 (N.D. Ill. April 17, 2012). Judge Darrah dismissed that case without prejudice as duplicative of this case. *Id.* Doc. 5 (N.D. Ill. June 21, 2012).

The City moves to dismiss, arguing that the statute of limitations has run on the claims against it and that James did not adequately plead his *Monell* claim. The Detectives also move to dismiss on the basis of the statute of limitations.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The City and the Detectives move to dismiss the claims against them arguing that the two-year statute of limitations for excessive force claims bars James from amending his complaint to include them as defendants. The statute of limitations is an affirmative defense that

need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint). Section 1983 claims are governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); 735 Ill. Comp. Stat. 5/13-202. Although the statute of limitations is borrowed from state law, federal law determines when the claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, § 1983 claims accrue when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). James' claims for excessive force claim accrued immediately. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

### A.    The Detectives: Statute of Limitations

In the initial complaint, James alleged that unknown officers beat him while he was at the police station after being arrested. He now believes those officers to be the Detectives. At the time James amended his complaint in 2017 to include the Detectives, the statute of limitations on his excessive force claim against them had already run. Therefore, his claims against them are only timely if his amended complaint relates back to his original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C).

Rule 15(c)(1)(C) provides that a claim asserted against a newly identified defendant relates back if:

> within the period provided by Rule 4(m) for serving the summons
> and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced
> in defending on the merits; and
>
> (ii) knew or should have known that the action would have been
> brought against it, but for a mistake concerning the proper party's
> identity.

Fed. R. Civ. P. 15(c)(1)(C). The Detectives argue that no amendment naming them could relate back to the filing of James' original complaint, relying on long-standing Seventh Circuit precedent holding that the naming of John Doe defendants does not stop the statute of limitations and that a plaintiff's lack of knowledge does not constitute a mistake for purposes of relation back. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (complaint did not relate back where plaintiff lacked knowledge of proper party within limitations period). After the Supreme Court's decision in *Krupski v. Costa Cruciere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), however, the focus of the relation back inquiry has shifted away from the plaintiff's to the defendant's knowledge, with the plaintiff's knowledge "relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 548. Thus, the proper inquiry for the Court at this stage is whether the Detectives knew or should have known, during the Rule 4(m) period, that but for a mistake on the part of James, they would have been named in the suit, and whether they would be prejudiced in defending the merits of the case if relation back is allowed. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011).

The Detectives do not assert that they were unaware of the complaint during the Rule 4(m) period or that they would be prejudiced in their defense if relation back were allowed; they

only contend that the type of mistakes James made in failing to name the City and the Detectives in his initial complaint are not recognized under Rule 15(c)(1)(C) as a basis for allowing relation back. Although there is still no consensus on whether or not naming fictitious defendants is a mistake for purposes of Rule 15(c)(1)(C) post-*Krupski*, this Court and many others in this district have previously held that where a plaintiff initially names a fictitious defendant because the plaintiff does not know the defendant's true identity, a subsequent amended complaint can relate back to the initial complaint. *See Ryan v. City of Chicago*, No. 15 C 9762, 2016 WL 6582570, at *2 (N.D. Ill. Nov. 7, 2016); *see also Cheatham v. City of Chicago*, No. 16-cv-3015, 2016 WL 6217091, at *2–3 (N.D. Ill. Oct. 25, 2016) (finding relation back proper even though plaintiff identified John Doe defendant after the statute of limitations had run, finding that *Krupski* changed the inquiry to focus on the defendant's instead of the plaintiff's knowledge); *Karney v. City of Naperville*, No. 15 C 4608, 2016 WL 6082354, at *9 (N.D. Ill. Oct. 18, 2016) (rejecting traditional John Doe rule in favor of focus on defendant's knowledge). Therefore, the Court denies the Detectives' motion to dismiss.[3]

James also asserts that the doctrine of equitable tolling preserves his claims against the Detectives because he was unable, despite reasonable diligence, to discover the identities of the Detectives within the statute of limitations period. James, as the party seeking equitable tolling, has the burden to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). James asserts that despite filing the initial action during the limitations period, he was unable to obtain any further discovery on the defendants' identities because the case was stayed for five-and-a-half years during his criminal proceedings, and that it

---

[3] As noted above, the Detectives did not assert that they did not know of this lawsuit during the Rule 4(m) period, therefore, the Court does not address this issue. Regardless, their knowledge is likely a fact intensive inquiry and not resolvable at the motion to dismiss stage.

was only after his appointed counsel received documents once the Court lifted the stay that he was able to identify the Detectives. He attempted to have the stay lifted on numerous occasions, but was unsuccessful.

The Detectives do not address the impact of the stay on James' ability to obtain their identities. Instead, they focus their reply on the fact that James filed the separate 2012 action before Judge Darrah without naming them as defendants. They focus on how the filing of the 2012 action shows that James was not prevented from filing a complaint or mistaken about how to initiate a lawsuit. But this misses the point. James does not assert that he did not know how to file a lawsuit or that he was prevented from doing so, but that he was prevented from conducting adequate discovery because of the stay and therefore could not identify the Detectives during the limitations period.

Based on these arguments, the Court cannot determine whether equitable tolling applies. James has pointed to no case law stating that a stay constitutes extraordinary circumstances or detailed any efforts he took outside of formal discovery to obtain the names of the Detectives. Furthermore, neither party addresses how the inclusion of the Detectives' names in James' attempted amended complaint on October 25, 2011 affects this analysis. But, because the Court has already found that James has made a sufficient showing that his amended complaint relates back to the original complaint to survive a motion to dismiss, the Court does not need to reach the equitable tolling issue at this time.

B.      The City: Statute of Limitations

The City asserts that the two-year statute of limitations bars James' *Monell* claim against it. Like the Detectives, James did not name the City in his original complaint, only adding the City as a party in his amended complaint filed in 2017. The City argues that the amended

complaint adding it as a party does not relate back to the original complaint because the omission of the City from the original complaint was not a mistake under Rule 15(c)(1)(C). A mistake about whether to sue an entity or an individual (or both) is a common legal mistake and is "the very type of mistake Rule 15 contemplates." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). The main issue to decide when determining whether Rule 15 applies in such a case is whether the notice requirement was met. *Id.* However, here, the City does not address the notice issue, instead resting on its argument that the type of mistake James made is not recognized under Rule 15.[4] Thus, the Court denies the City's motion to dismiss on the basis of the statute of limitations.

The City also moves to dismiss James' *Monell* claim arguing that he did not adequately plead his claim. In his response James concedes this point. Therefore, the Court grants the motion to dismiss for failure to state a claim and grants James leave to amend his complaint to address the deficiencies in his *Monell* claim against the City.

---

[4] In each of the City's and the Detectives' briefs on this issue, they rely almost solely on a misquotation of *Krupski*. In each of their motions and replies, the Defendants state, "As *Krupski* explains, Rule 15(c)(1)(C) can be used only to 'correct a formal defect such as a misnomer or misidentification.' *See Krupski*, 560 U.S. at 550–51 (discussing the history of Rule 15(c)(1)(C); Advisory Committee's 1991 notes)." Doc. 120 at 4–5; Doc. 121 at 4; Doc. 132 at 1 (including identical language with the full cite for *Krupski*); Doc. 133 at 1 (same). This language does not appear in *Krupski* and misrepresents the holding of the case. If Defendants wish to raise the statute of limitations issues again at a later point, they would do well to revisit *Krupski*.

**CONCLUSION**

For the foregoing reason the Court denies the Detectives' motion to dismiss [121] and grants the City's motion to dismiss [120]. The City's motion is granted on the basis of James' failure to adequately state a *Monell* claim and denied on the statute of limitations basis. James is granted leave to amend his complaint to address the deficiencies with his *Monell* claim.

Dated: January 25, 2018

_____
SARA L. ELLIS
United States District Judge