UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NED JAMES, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 11 C 4418 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| LISA BUCKHALTER, DANIEL RANDALL, EMMET WELCH, MICHAEL ZUBER, and CITY OF CHICAGO, | ) ) ) ) ) |
| Defendants. | ) |

# OPINION AND ORDER

After receiving multiple beatings at the hands of various Chicago police officers and detectives in January 2011, Plaintiff Ned James filed the present civil action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 against Defendants Lisa Buckhalter, Daniel Randall, and a number of unnamed Chicago police officers. On November 28, 2011, the Court entered a stay of the proceedings pending his related criminal case. Over five years later, the Court lifted the stay and James amended his complaint to add the City of Chicago and Detectives Emmett Welch and Michael Zuber as defendants.[1] Welch and Zuber have now moved for summary judgment on James' excessive force claim, arguing that the claim against them is untimely. Because the Court stayed all proceedings in this case pending resolution of James' criminal case, 735 Ill. Comp. Stat. 5/13-216 tolled the statute of limitations for the entirety of the stay, making James' claims against Welch and Zuber timely.

---

[1] The City of Chicago remains in the case for indemnification purposes only.

## BACKGROUND[2]

On January 17, 2011, Chicago police officers Buckhalter and Randall arrested James; multiple police officers responded to the scene of the arrest in addition to Buckhalter and Randall. Shortly thereafter, detectives Welch and Zuber arrived at the scene to investigate. Welch and Zuber had no interaction with James during the arrest until they attempted to interview him. When interviewing James, both Welch and Zuber noticed that James' face looked swollen.

On June 29, 2011, James filed this case against Buckhalter, Randall, and two unknown Chicago police officers, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. More specifically, James asserted that Buckhalter, Randall, and the two unknown officers used excessive force by beating him during his arrest and again at the police station.

On October 25, 2011, James filed a motion seeking to amend the complaint to name Welch and Zuber as defendants. Doc. 15. But the Court denied James' motion because he had not included a proposed amended complaint along with his motion for leave to amend. Doc. 17. On November 23, 2011, Buckhalter and Randall filed a motion to stay the case pending resolution of James' related criminal case. Doc. 20. The Court granted that motion on November 28, 2011, staying the proceedings in their entirety. Doc. 22. In August 2012, James filed a motion for appointment of counsel. Doc. 29. And on June 7, 2013, James asked the Court to lift the stay. Doc. 38. The Court continued the motion and ordered James to submit materials in support of the motion by July 30, 2013. Doc. 41. James failed to do so, and the Court denied the motion given the continued pendency of the criminal proceedings. Doc. 48.

---

[2] The Court derives the facts in this section from the Joint Statement of Undisputed Material Facts, additional statements that James has properly presented to the Court, and the procedural history of the case, which can be determined from the docket. The Court takes all facts in the light most favorable to James, the non-movant.

On August 22, 2016, the Court lifted the stay and appointed counsel for James. Doc. 83. In that same order, the Court ordered James to file an amended complaint by October 21, 2016. After additional extensions due to changes in counsel, on June 22, 2017, James filed his amended complaint. Doc. 110.

The amended complaint brings an excessive force claim against Buckhalter, Randall, Welch, and Zuber related to James' arrest and interactions with the police on January 17, 2011. James also asserted *Monell* and indemnification claims against the City, but the Court dismissed the *Monell* claim on January 15, 2018, Doc. 134.

Zuber first learned about James' lawsuit on April 16, 2015, when he received a notification of allegations from the Independent Police Review Authority ("IPRA") as part of its investigation into James' IPRA complaint. Similarly, Welch learned about the lawsuit on May 5, 2015, when he also received a notification of allegations from IPRA. At both of their depositions, Welch and Zuber testified that, prior to April 16, 2015, they were not aware of the complaint and had no knowledge that James had contemplated filing a lawsuit against them.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine dispute of material fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, documents, answers to interrogatories, admissions, stipulations, and affidavits or declarations that are part of the record. Fed. R. Civ. P. 56(c)(1); *A.V. Consultants, Inc. v. Barnes*, 978 F.2d 996, 999 (7th Cir. 1992). The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bunn v. Fed.*

*Deposit Ins. Corp. for Valley Bank Ill.*, 908 F.3d 290, 295 (7th Cir. 2018). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324; *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014). The Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013). However, a bare contention by the non-moving party that an issue of fact exists does not create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), and the non-moving party is "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture,'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted).

## ANALYSIS

Welch and Zuber argue that the Court should enter judgment in their favor on James' claim because (1) James' claim against them is untimely, (2) the claim cannot relate back to the date of original filing, and (3) no tolling doctrine applies to render the claim timely. James effectively concedes that, absent the application of tolling principles, the two-year statute of limitations had run on his claim against Welch and Zuber at the time he named them as defendants and that the relation back doctrine does not apply by failing to address these arguments in his response. *See Hendricks v. Lauber*, No. 16 C 627, 2018 WL 2445311, at *4 (N.D. Ill. May 31, 2018) ("[F]ailure to respond to any argument in response to a summary judgment motion constitutes a waiver of that argument."). Therefore, the Court need only discuss whether any tolling doctrine applies that would render James' claim against them

4

timely.[3] *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) (certain tolling doctrines can stop the statute of limitations from running "even if the accrual date has passed"). The Court only addresses statutory tolling because application of that doctrine resolves Defendants' motion.

In §1983 cases, federal courts look to state law for both the applicable statute of limitations as well as any tolling provisions. *Ray v. Maher*, 662 F.3d 770, 774 (7th Cir. 2011). The Illinois tolling statute provides that "when the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." 735 Ill. Comp. Stat. 5/13-216; *Ruffin v. Kane Cnty. Sheriff Dep't*, No. 01 C 4898, 2006 WL 2088186, at *19 (N.D. Ill. July 21, 2006) ("[T]he Court adheres to the Illinois tolling provision relating to judicial stays of an action"); *Vitaich v. City of Chicago*, No. 94 C 692, 1995 WL 493468, at *6 (N.D. Ill. Aug. 16, 1995) ("In Illinois, limitations periods are tolled if the commencement of an action is stayed by an injunction, order of court, or statutory prohibition." (citations omitted)). Although James does not explicitly address Defendants' argument that statutory tolling does not apply here, in his response, he does contend that his amended complaint would have been timely if not for the stay. Thus, because James is *pro se*, the Court finds it appropriate to consider this as an argument as to why statutory tolling applies.

Here, the Court stayed all proceedings pending the resolution of James' related criminal proceedings on November 28, 2011—ten months after his arrest occurred. "By issuing a stay of the proceedings, the statute of limitations is tolled until the stay is lifted." *Vitaich*, 1995 WL

---

[3] The Court previously denied Welch and Zuber's motion to dismiss based on the statute of limitations, finding that the amended complaint could relate back. Doc. 134. However, that analysis is no longer good law given the Seventh Circuit's clarification of relation back principles in *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021).

5

493468, at *6. On August 22, 2016, the Court lifted the stay, and on June 22, 2017, James filed an amended complaint, naming Welch and Zuber as defendants. Thus, because the statute of limitations was tolled from November 28, 2011 through August 22, 2016, excluding that time period from the limitations calculation, James named Welch and Zuber as defendants within twenty months, making the suit timely filed.

Defendants, however, argue that statutory tolling does not apply here because James already knew the identities of Welch and Zuber before the Court stayed the proceedings, citing to *Doe v. Bobbitt*, 698 F. Supp. 1415 (N.D. Ill. 1988), *rev'd on other grounds*, 881 F.2d 510 (7th Cir. 1989), as instructive. In *Doe*, the court determined that a stay of discovery did not toll the statute of limitations because she "did not need to engage in discovery to sue [the defendants] within the limitations period, since she knew she had spoken to them. Even if [she] did not know to whom she spoke, she could have alleged enough facts (telephone numbers, dates, and the like) to have notified [the defendants] that she would name them in this suit eventually." *Id.* at 1418. But in *Doe*, because the court had only stayed discovery, nothing prevented the plaintiff from naming the defendants within the limitations period. *Id.*; *cf. id.* at 1418–19 (stay of discovery statutorily tolled limitations period for defendant whose identity the plaintiff could not have known without engaging in discovery). Here, the stay applied to the proceedings in their entirety, not simply to discovery, making it irrelevant whether James knew of Welch and Zuber's identities before the Court entered the stay. *See Vitaich*, 1995 WL 493468, at *6 (because the court specifically indicated that it would stay the proceedings in their entirety, although "[f]acilitating discovery was admittedly one of the reasons behind granting the City's motion for a stay," statutory tolling applied (citation omitted)). Therefore, statutory tolling renders James' claims against Welch and Zuber timely, requiring the Court to deny their motion for summary

judgment. *Id*. ("Thus, those 190 days do not count in the calculation, and the suit was timely filed against the officer defendants.").

## CONCLUSION

For the foregoing reasons, the Court denies Defendant Welch and Zuber's motion for summary judgment [236].

Dated: January 10, 2022

                                                SARA L. ELLIS
                                                United States District Judge